IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAPPY SUMO SUSHI, INC., a Utah corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>YAPONA, INC., a Utah corp.: MUI LY, an individual; MUNKHBAT TSERENNADMID, an individual; BADRAA NASARABAT, an individual; GANBOLD BAASANJAN, an individual; and SHEIK TUSIGSAIKHAN BATAA, an individual,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER ON ORDER TO SHOW CAUSE<br><br><br><br>Case No. 2:08-CV-348 TS |

This matter is before the Court on Plaintiff's Motion for an Order to Show Cause why Defendants should not be held in contempt for violating the August 11, 2008 Order Granting Preliminary Injunction. In that Order, the court found Plaintiff was likely to prevail on its claim of violation of trade dress. The Preliminary Injunction ordered Defendants not to use the following elements of that trade dress in connection with the Yapona restaurant, pending resolution of the merits of this case:

1

>   a.   any shade of red walls behind the sushi bar;
>   b.   light wood chairs, unless those chairs have covered seats;
>   b.   flat panel televisions behind the sushi bar;
>   c.   curtains on the booths drawn to each side of the booth;
>   d.   an industrial ceiling with pipes, black track lighting, and other visible hardware, unless such ceiling is draped in fabric;
>   e.   tables with black table cloths with light colored chairs, except light chairs that have covered seats;
>   f.   waiters, waitresses, and sushi chefs dressed entirely in black clothing.[1]

Plaintiff contends that Defendants have violated the Preliminary Injunction by doing the following: having a red wall; having flat panel televisions behind the sushi bar; having beaded curtains on the booths drawn to each side of the booth; having an industrial ceiling with pipes, black track lighting, and other visible hardware that is not entirely draped in fabric; and having its sushi chef dressed entirely in black clothing.  Plaintiff seeks a determination that Defendants are in contempt, that the contempt is willful, and an award of attorney fees incurred as a result of bringing the Motion.  Plaintiff also requests the Court sanction Defendants by broadening of the scope of the Preliminary Injunction.

Defendants contend that they are not in violation, that they have made good faith attempts to comply, and that any violation was inadvertent.

---

[1]Docket No. 29 (Preliminary Injunction, at 17).

In *FTC v. Kuykendall,*[2] the Tenth Circuit collects the applicable law on contempt. "[A] contempt sanction is considered civil if it 'is remedial, and for the benefit of the complainant.'"[3]

> It is well-established in our circuit that compensatory contempt actions are appropriately held before a judge, applying a clear and convincing standard for liability and a preponderance of the evidence standard for sanctions.
>
> * * *
>
> In a civil contempt context, a plaintiff must prove liability by clear and convincing evidence. This means the [plaintiff] "has the burden of proving, by clear and convincing evidence, [1] that a valid court order existed, [2] that the defendant[s] had knowledge of the order, and [3] that the defendant[s] disobeyed the order."[4]

"The contemnor's disobedience need not be 'willful' to constitute civil contempt. Indeed, a district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered."[5]

> Defendants may assert a defense to civil contempt by showing by clear and convincing evidence that "all reasonable steps" were taken in good faith to ensure compliance with the court order and that there was substantial compliance, or relatedly by proving "plainly and unmistakably" defendants were unable to comply with the court order.[6]

---

[2] 371 F.3d 756 (10th Cir. 2004).

[3] *Id.* at 752 (quoting *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994) (additional quotation omitted)).

[4] *Id.* at 754, 756 -757.

[5] *Bad Ass Coffee Co. of Hawaii, Inc. v. Bad Ass Coffee Ltd. Partnership,* 95 F.Supp.2d 1252, 1256 (D. Utah 2000) (citation and footnote omitted).

[6] *Id.* at 1256 n.8 (quoting *Bauchman v. West High School,* 906 F.Supp. 1483, 1494 (D. Utah 1995)).

"Sanctions for contempt may only be employed for either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order . . . . and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance."[7]

In the present case, the Court finds by clear and convincing evidence the following: the Preliminary Injunction is a valid court order; Defendants had notice of the Preliminary Injunction; the Preliminary Injunction is clear; there has been some violations of the Preliminary Injunction, but those violations were not willful; and, there has been a good faith attempt to comply.

The Court finds that Defendants violated the Preliminary Injunction in the following three respects. First, because the sushi chef was dressed in a combination of black and dark navy blue. Such clothing has the clear visual impression of the sushi chef being dressed entirely in black clothing and, therefore, violated the Preliminary Injunction.

Second, by having the curtains drawn to each side of the booth, even though the curtains were made of beads. The valance briefly used at Yapona similarly violated the Preliminary Injunction as it is a short curtain that appears visually to be divided and drawn to each side. A straight valance of no more than 18 inches would not violate the Preliminary Injunction.

Third, by having the two flat panel televisions behind the sushi bar. As shown by the parties' photographs and diagrams, the flat panel televisions are still behind the sushi

---

[7]*Kuykendal*. at 1256 (quoting *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (additional quotation omitted).

4

bar, but are just removed from the wall and angled. The television that is suspended over the sushi bar is still behind the outer edge of the sushi bar. The Preliminary Injunction prohibits "flat panel televisions behind the sushi bar" at Yapona, not just flat panel televisions on the wall behind the sushi bar.

The Court declines Defendants' request for "instruction regarding the televisions' appropriate placement."[8] The Preliminary Injunction is issued and is clear. It is the responsibility of all Defendants to comply with the Preliminary Injunction. If there is a concern about whether an action complies, it is up to Defendants to avoid a violation.

The Court finds the Preliminary Injunction was not violated in the following two respects. First, the red accent wall does not violate the Preliminary Injunction because the red wall is not behind the sushi bar. Second, the Court finds that the current extent to which the ceiling is draped with fabric is a sufficient good faith effort to comply with the Preliminary Injunction in view of legitimate concerns of covering the HVAC system, the fire sprinklers, or the lighting with fabric. Accordingly, the ceiling is in compliance with the Preliminary Injunction's prohibition that Yapona not have "an industrial ceiling with pipes, black track lighting, and other visible hardware, unless such ceiling is draped in fabric."[9]

Based upon the entire record, the Court finds an award of attorney fees in not warranted. The Court also declines Plaintiff's request to expand the scope of the Preliminary Injunction as a sanction for the violations.

---

[8]Docket No. 36 (Def.s' Opp. Mem. at 11).

[9]Preliminary Injunction, at 17, ¶ (d).

SO ORDERED.

DATED   October 3rd, 2008.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge