IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HAPPY SUMO SUSHI, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>YAPONA, INC., a Utah Corporation, et. al.<br><br>Defendants. | Case No. 2:08-CV-348 TS<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO ENTER CONFESSION OF JUDGMENT**<br><br>Judge Ted Stewart |

Pursuant to the Settlement Agreement and Mutual Release of Claims entered into between Plaintiff, Happy Sumo Sushi, Inc. (hereinafter "Happy Sumo") and Defendants, Yapona, Inc., Mui Ly, Munkhbat Tserennadmid, Badraa Nasarabat, Ganbold Bassanjan, and Sheik Tusigsaikhan Bataa; Plaintiff moves for entry of confession of judgment. The Court finds as follows:

The July 27, 2009 Order of Dismissal retains jurisdiction solely for the purpose of enforcing the terms of the parties' Settlement Agreement. That Agreement provided for entry of a Confession of Judgment against Defendants Yapona, Inc. and Mui Ly if certain conditions occurred. Those conditions were (1) the failure to make the stipulated payment, (2) notice of default by mailing to "Alice Ly" at a specified address, and (3) the failure to cure within a time certain.

Plaintiff has submitted its evidence that (1) the stipulated payment was not made; (2) the notice was sent to "Alice Ly" at the agreed address; (3) there has been no cure; (4) the time for

1

curing the default has expired; and (5) the amount of the remaining obligation under the Agreement.  In addition to the notice required under the parties' Agreement, Plaintiff also sent notice of the Motion to Enter Confession of Judgment to the same address stipulated by the parties.

Defendants respond by a Notice filed by their attorney of record.  That Notice does not dispute the facts found above.  Instead the Notice states that counsel has terminated their representation but also claims that notice to the individual defendants should be in accordance with FED. R. CIV. P. 5.

The Court finds that no additional notice is required for two reasons.  First, because the parties agreed that the Court retained jurisdiction pending the obligations under the Settlement Agreement, but Defendants' counsel have purported to withdraw without filing a notice of withdrawal containing the address of their clients for the matter pending still before the Court.  Second, and more important, while the Agreement requires notice of the default and opportunity to cure be served on Yapona and Ly, once those conditions are satisfied, the Agreement provides that Plaintiff may file the already-executed Confession of Judgment with no further notice requirement.

It is therefore

ORDERED The Confession of Judgment, to be provided by Plaintiff's counsel be entered by this Court.  Plaintiff's counsel shall provide said Confession of Judgment within seven days of the entry of this Order.  It is further

ORDERED that the remaining amount of the Payment from the Settlement Agreement and Mutual Release of Claims and the Confession of Judgment is immediately due and payable to Happy Sumo in accordance with paragraphs 1 and 4 of the Settlement Agreement and Mutual Release of Claims.  The remaining amount due under the Settlement Agreement and Mutual Release of Claims and Confession of Judgment, less Installment Payments already made, is

Forty-Seven Thousand Eight Hundred Dollars ($47,800.00).  It is further

      ORDERED that upon the filing of the entry of the Confession of Judgment, the clerk of court shall enter judgment in favor of Plaintiff and against Defendants Yapona, Inc., and Mui Ly, in the amount of $47,800.

      SIGNED this 1st day of June, 2010.

      _____
      Hon. Ted Stewart
      United States District Court Judge